## Dick v. Holst

Additional defendant Radionics, Inc. has presented three preliminary objections to plaintiffs' amended complaint.

The first of the preliminary objections, a petition raising question of jurisdiction, alleges that Radionics, Inc. is not a "health care provider" as that term is defined in section 103 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.103. However, because the amended complaint (paragraph 33) alleges that Radionics, Inc. was the manufacturer of surgical instruments and devices used by the remaining defendants in the treatment of plaintiff-husband, Radionics is a nonhealth care provider within our jurisdiction under the test set forth by the Commonwealth Court in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978).

The act provides that the arbitration panels shall have exclusive original jurisdiction over non-health care providers when they are joined as additional party defendants with health care providers: 40 P.S. §§1301.309 and 1301.502, respectively. Accordingly, the petition raising question of jurisdiction is denied.

The second of the preliminary objections is a motion to strike pleading because of lack of conformity to law. Radionics presents an interesting but

sparsely briefed argument founded on constitutional principles. It alleges that the composition of the arbitration panel, calling for a seven member panel of two physicians, two attorneys and three lay persons is a deprivation of equal protection of the laws under Article I of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution. This is so, Radionics contends, because there is no one on the arbitration panel to represent the interests of manufacturers or sellers of products such as the ones allegedly involved in this case. Radionics also argues that the legislature did not intend for manufacturers or sellers of products to be subject to the arbitration system and procedure of the Health Care Services Malpractice Act because no representation of their interests was provided for on the arbitration panel.

While the equal protection argument is interesting, it rests on a faulty premise. The arbitration panel members are not intended to represent the interests of any one class or party. Rather they are required to be impartial: 40 P.S. §1301.308(f); 37 Pa. Code §171.37. While attorney and health care providers do bring to the panel special training, their goal is the same as that of the act, ". . . the determination of *fair* and reasonable compensation" for persons who have sustained an injury as a result of medical malpractice: 40 P.S. §1301.102. (Emphasis added.)

Similar constitutional challenges were unsuccessful in Parker v. Children's Hospital of Philadelphia, 483 Pa. 106, 394 A. 2d 932, 944 (1978), where our Supreme Court rejected an unsubstantiated assertion that some panel members would not render impartial determinations. "Absent evidence to the contrary, panel members are presumed to be persons of honesty and integrity."

While the panel may lack expertise in the manufacture of surgical instruments, the panel may appoint a disinterested and qualified expert to testify if necessary: 40 P.S. §1301.507.

Finally, we refer again to the decision in Parker, supra, 394 A. 2d at 944-945:

"The arbitration panel is not a jury and therefore not subject to the strictures applicable to the composition of that body. . . . In any event, dissatisfied participants in medical malpractice arbitration proceedings are afforded a statutory right to a trial de novo on the claim submitted to the panel including trial by jury."

Radionics' third preliminary objection is a motion for a more specific pleading. Radionics alleges that the amended complaint (paragraph 37) lacks specificity. Plaintiffs allege that the devices manufactured by Radionics failed to function properly during the course of the operation resulting in the injuries claimed by plaintiffs. Since the incident occurred during the course of the operation, plaintiff-husband was not in a position to ascertain any facts other than those set forth in the complaint. If Radionics needs any additional information, it may be obtained through discovery.

Accordingly, we enter the following

## ORDER

And now, April 20, 1979, upon consideration of the preliminary objections of defendant Radionics, Inc. filed on June 12, 1978 and supporting brief filed on February 23, 1979, plaintiffs' answer to preliminary objections filed on February 28, 1979, and the briefs of Latrobe Area Hospital and Dr. Robert A. Holst, both filed February 20, 1979, it is hereby ordered and decreed that defendant

Radionics' preliminary objections are overruled and defendant Radionics is directed to file any required responsive pleading within 20 days from the date this order is certified from the record.